PER CURIAM Opinion; Concurrence by Judge O’SCANNLAIN.
OPINION
PER CURIAM:
We must decide, among other issues, whether the admission of marijuana evidence, found in a mailed package delayed twenty-two hours in delivery due to the remoteness of the site from canine investigation, violates the Fourth Amendment.
I
A
1
In the spring of 2007, Robert Lozano, Sr., shared a residence in Barrow, Alaska, with his son, who was on state probation. Based on suspicion that Lozano’s son had violated the terms of his probation, state officers conducted a search of the son’s room and of the common areas of Lozano’s home, and found concealed drugs and firearms. Lozano returned home during the search, and the officers told him they found drugs in his home. Lozano responded by asking if they were in “bags or baggies.”
After this exchange, Lozano consented, in a recorded conversation, to a search of the rest of the residence. In his bedroom, officers discovered $12,500 cash, to which Barrow’s drug-sniffing dog, Hershey, alerted as having been in contact with drugs, and photographs of Lozano at a marijuana “grow” in California. In a storage area next to Lozano’s residence, officers found two baggies of marijuana and an automatic handgun. Lozano was not charged with respect to these probation and consensual searches.
2
During the winter of 2007, Lozano asked the then-manager of the Barrow post office, Zachariah Martinez, whether postal workers screened mail, whether police brought detection dogs into the post office, and whether postal employees could open packages to look for drugs. Because these questions were suspicious, Martinez contacted Postal Inspector Kaminski, who authorized a “mail watch” on Lozano’s P.O. box.
On January 31, 2008, a package arrived at the Barrow post office that aroused Martinez’s suspicions. It was a large, heavily taped U-Haul box that originated in California and had an incomplete return address. The box was addressed to “Bill Corner,” although the P.O. box number was Lozano’s. Neither Martinez nor the other postal employee in the 4,000-person town of Barrow had ever heard of a “Bill Corner.”
Martinez contacted Inspector Kaminski, who was in Anchorage at the time training Hershey. Kaminski requested that the package be sent to him there. Accordingly, instead of placing a claim slip in the P.O. box to which the package was sent, which Martinez would have otherwise done that afternoon or early the next day, Martinez placed the package into a larger, protective box and shipped it to Kaminski. Because there are only two flights from Barrow to Anchorage each day, the pack *1059 age reached Kaminski the afternoon of the next day, February 1.
At 2 p.m. that afternoon, Kaminski brought Hershey near the package. Hershey alerted. On that basis, Kaminski obtained a search warrant for the package. Upon opening the package, officers discovered eleven pounds of marijuana.
The officers then planned a controlled delivery of the package to the P.O. box in Barrow to which it was sent, fitting the package with a tracking device. On February 4, Lozano picked up the controlled delivery package with a friend and took it to the residence of the friend’s mother. Officers discovered the discarded package, including the tracking device, in a dumpster across from the residence. Lozano was arrested that day, with $2,000 cash in his pocket. Hershey later alerted to the money.
B
A federal grand jury returned an indictment, charging Lozano with a single count of attempted possession of marijuana with intent to distribute. See 21 U.S.C. §§ 841(b)(1)(D), 846. Lozano filed motions to suppress the evidence discovered in his home during the probation and consensual searches and the evidence discovered in the search of the mailed package. Adopting the recommendation of the magistrate judge, the district court denied both motions.
During the trial, the court denied Lozano’s motion to exclude the evidence seized from his home during the probation and consensual searches as inadmissible under Federal Rules of Evidence 404(b) and 403. The jury found Lozano guilty of attempted possession of marijuana with intent to distribute. The judge sentenced Lozano to fifteen months’ imprisonment, which Lozano has now served, and two years’ supervised release, which is still running. Lozano timely appeals.
II
Lozano first argues that the district court should have granted his motion to exclude the evidence discovered in the probation and consensual searches of his home under Federal Rules of Evidence 404(b) and 403.
A
“Rule 404(b) provides that the district court may admit evidence of prior bad acts if it (1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and, (4) in some cases, is similar to the offense charged.” United States v. Banks, 514 F.3d 959, 976 (9th Cir.2008) (internal quotation marks omitted). However, “when offered to prove knowledge, ... the prior act need not be similar to the charged act as long as the prior act was one which would tend to make the existence of the defendant’s knowledge more probable than it would be without the evidence.” United States v. Vo, 413 F.3d 1010, 1018 (9th Cir.2005) (quoting United States v. Ramirez-Jiminez, 967 F.2d 1321, 1326 (9th Cir.1992)). We “review a district court’s admission of evidence under Federal Rule of Evidence 404(b) for an abuse of discretion.” United States v. Romero, 282 F.3d 683, 688 (9th Cir.2002).
Here, the district court did not abuse its discretion in concluding that all of the Rule 404(b) requirements were met and thus that Rule 404(b) did not forbid admission of the evidence. The evidence of Lozano’s prior possession or sale of narcotics was material to issues of knowledge and intent with respect to drug distribution. See Vo, 413 F.3d at 1018. It was not too remote in time because the *1060 search occurred merely eight months before the charged offense and the marijuana grow pictures dated merely three years before the offense. See Banks, 514 F.3d at 976-77; see Vo, 413 F.3d at 1019. There was sufficient evidence to support Lozano’s involvement with the evidence discovered in the search because Lozano admits that the cash smelling of marijuana was found in his bedroom and the photographs of a marijuana “grow” included him. See United States v. Romero, 282 F.3d 683, 688 (9th Cir.2002).
B
“Even if the proffered evidence satisfies these requirements [of Rule 404(b) ], the district court should decline to admit it [under Rule 403] if its probative value is substantially outweighed by the danger of unfair prejudice.” Banks, 514 F.3d at 976 (internal quotation marks omitted). Again, we review the district court’s admission of evidence under Rule 403 for abuse of discretion. United States v. Plancarte-Alvarez, 366 F.3d 1058, 1062 (9th Cir.2004).
We are satisfied that the district court did not abuse its discretion in admitting the evidence under Rule 403. Here, the evidence of prior drug distribution is clearly probative of Lozano’s intent and knowledge, and prejudice was limited by a cautionary instruction. See Vo, 413 F.3d at 1019; Dubria v. Smith, 224 F.3d 995, 1002 (9th Cir.2000) (en banc). Therefore, the district court did not abuse its discretion in admitting the home search evidence.
Ill
Lozano also argues that the district court should have granted his motion to suppress the marijuana evidence discovered in the search of the mailed package. Specifically, Lozano argues that the postal inspector lacked reasonable suspicion to detain the package past its delivery time and that the detention of the package was unreasonable.
A
“Postal workers may detain a package to conduct an investigation if they have a reasonable and articulable suspicion that it contains contraband or evidence of illegal activity.” United States v. Hernandez, 313 F.3d 1206, 1210 (9th Cir.2002) (internal quotation marks omitted). To determine whether reasonable suspicion exists, courts “must look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing,” United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (internal quotation marks omitted), as “understood by those versed in the field of law enforcement,” United States v. Cortez, 449 U.S. 411, 418, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).
Here, Inspector Kaminski had reasonable suspicion. The postmaster warned Kaminski that Lozano was behaving suspiciously, specifically asking whether mail could be searched for drugs. See United States v. Aldaz, 921 F.2d 227, 229 (9th Cir.1990). In addition, the package listed a fictitious sender and addressee and an incomplete return address, was shipped with delivery confirmation. service, had a handwritten label, had been mailed from California, and was heavily taped. See Hernandez, 313 F.3d at 1211 (holding inspector had reasonable suspicion when the return sender was fictitious, the package was shipped special delivery, the label was handwritten, the package had been mailed from California, and the package had been taped up at all the seams). Therefore, we *1061 are satisfied that Kaminski had reasonable suspicion to detain the mailed package.
B
“[E]ven if the initial seizure of a mailed package is based on reasonable suspicion, a prolonged detention is unreasonable under the Fourth Amendment.” Hernandez, 313 F.3d at 1212. The relevant time period is that between the initial detention and that at which probable cause is developed because “[p]robable cause is sufficient to support the subsequent detention of the package.” United States v. Hoang, 486 F.3d 1156, 1160 n. 1 (9th Cir.2007).
We have upheld as reasonable a five-day delay arising because of the difficulty of travel for canines in Alaska. Aldaz, 921 F.2d at 231; see also United States v. Van Leeuwen, 397 U.S. 249, 252-53, 90 S.Ct. 1029, 25 L.Ed.2d 282 (1970) (holding reasonable twenty-nine hour delay); Hernandez, 313 F.3d at 1212 (holding reasonable one-day delay); United States v. Gill, 280 F.3d 923, 929 (9th Cir.2002) (holding reasonable six-day delay). Here, the delay was less than one day and also was caused by the difficulty of canine travel in Alaska. The package arrived at the Barrow post office on January 31, 2008. The earliest it could have been delivered was 4:30 p.m. that day. The canine’s “alert,” which “create[s] probable cause,” Hoang, 486 F.3d at 1160 n. 1, occurred at 2:15 p.m. on February 1, less than 22 hours later. In addition, the delay arose because the drug-sniffing dog was temporarily unavailable. Aldaz, 921 F.2d at 231. We are satisfied that the length of detention between initial seizure and the development of probable cause was not unreasonable.
Lozano argues that the government should have notified him that delivery was delayed, citing United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983). But that case involved the detention of luggage, which interferes with a traveler’s significant interest in liberty of movement. Place, 462 U.S. at 708-10, 108 S.Ct. 2637. Lozano cites no authority for the proposition that notice is required for delays of mail delivery. That is not surprising, because such authority would render futile the well-established technique of arranging controlled deliveries. The delay was not unreasonable on account of lack of notice.
Lozano also argues that the detention of the package was unreasonable because the package was transported to Anchorage without probable cause. But we have held that “an addressee’s possessory interest is in the timely delivery of a package, not in having his package routed on a particular conveyor belt, sorted in a particular area, or stored in any particular sorting bin for a particular amount of time.” Hernandez, 313 F.3d at 1210 (internal quotation marks omitted); see United States v. Jefferson, 566 F.3d 928, 933 (9th Cir.2009). Indeed, we have approved as reasonable the diversion of packages during investigations based on reasonable suspicion. E.g., Aldaz, 921 F.2d at 231. Such action is often the most reasonable way of enforcing drug laws in remote communities. Id. at 231. We conclude that the transportation of the package from Barrow to Anchorage without probable cause did not make the detention unreasonable. Accordingly, the district court properly denied Lozano’s motion to suppress the evidence discovered in the search of the package.
IV
For the foregoing reasons, the judgment *1062 of the district court is AFFIRMED.[1]

. Lozano’s motion to supplement the record with exhibits presented at trial is denied as moot because those exhibits were in the district court record.