FILED

NOT FOR PUBLICATION

DEC 11 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADAM TORRES CARRASCO,

Defendant - Appellant.

No. 12-10016

D.C. No. 4:10-cr-02352-DCB-BPV-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted December 6, 2012
San Francisco, California

Before: SILVERMAN, GOULD, and CHRISTEN, Circuit Judges.

Adam Torres Carrasco appeals his jury-trial conviction and sentence for

failing to report the exportation of over $10,000 in violation of 31 U.S.C. §§ 5316

and 5322 and bulk cash smuggling in violation of 31 U.S.C. § 5332.    He also

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

appeals the denial of his motion for a new trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Carrasco challenges the district court's admission of evidence that on prior occasions he crossed the border in a vehicle containing a secret compartment and in a vehicle with a substance secreted in the horn. We review for abuse of discretion a district court's decision to admit evidence of prior acts pursuant to Federal Rule of Evidence 404(b). *United States v. Lozano*, 623 F.3d 1055, 1059 (9th Cir. 2010). The district court did not abuse its discretion because sufficient evidence supported the existence of the prior acts, they were not too remote in time, and they tended to prove a material and contested point — Carrasco's knowledge of the money hidden in his spare tire. *See id*. The court also adequately considered the probative and prejudicial consequences of introducing the acts. *See United States v. Ono*, 918 F.2d 1462, 1465 (9th Cir. 1990) (district court not required to explicitly recite Federal Rule of Evidence 403 balancing "if this court can conclude, based on a review of the record, that the district court considered Rule 403's requirements"). Even if admission of the prior act evidence was error, it was harmless in light of the overwhelming evidence of Carrasco's guilt. *See United States v. Chase*, 340 F.3d 978, 993 (9th Cir. 2003) (en banc).

Carrasco also argues that the district court erred when it denied his motion for a new trial based upon newly discovered expert opinion evidence, offered in a different case, discussing the existence of "blind mules" in drug smuggling operations. We review for abuse of discretion. *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc). The district court's finding that the expert testimony was not newly discovered evidence was not an abuse of discretion because it was not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Id*. at 1263. Additionally, the district court did not abuse its discretion because this evidence could have been discovered earlier, was at best merely impeaching, and did not suggest that "a new trial, if granted, would probably result in acquittal." *United States v. George*, 420 F.3d 991, 1000 (9th Cir. 2005).

Finally, Carrasco appeals the district court's application of a two-level sentence enhancement for obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1 (2011). Carrasco argues that the district court erred by not making more specific findings of perjury on the record pursuant to *United States v. Dunnigan*, 507 U.S. 87, 95 (1993). We review the district court's determination that Carrasco obstructed justice by committing perjury for clear error. *See United States v. Jimenez*, 300 F.3d 1166, 1170 (9th Cir. 2002). At sentencing, defense

3

counsel's only objection was to the adequacy of the proof that any of Carrasco's testimony was false. Having heard the evidence presented at trial, the court listened to argument on this point and made an express finding that Carrasco's testimony was "totally fabricated beyond belief." In context, it is clear that the court found all of Carrasco's testimony about an alleged acquaintance who planted the money in his car and the circumstances of their meeting to be false. The court met its obligation to make adequate findings by making a finding "with regard to the only objection raised against the obstruction of justice enhancement." *United States v. Rojas-Millan*, 234 F.3d 464, 471 (9th Cir. 2000).

**AFFIRMED**.