**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10680 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00829-RCC-JJM-2 |
| v. | |
| EVELIO CERVANTES-CONDE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Argued and Submitted October 9, 2013
San Francisco, California

Before: HAWKINS, N.R. SMITH, and NGUYEN, Circuit Judges.

Appellant Evelio Cervantes-Conde ("Cervantes-Conde") appeals his jury trial

conviction for cocaine offenses (21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii)

(II)), contesting the introduction of prior bad act evidence under Federal Rule of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Evidence 404(b).  Reviewing the district court's evidentiary rulings for abuse of discretion, *United States v. Lozano*, 623 F.3d 1055, 1059 (9th Cir. 2010), we affirm.

Prior bad act evidence "may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (internal quotation marks omitted).  Cervantes-Conde's prior bad acts were admissible to refute a material point, namely his defense that he was merely an innocent bystander.  *See United States v. Howell*, 231 F.3d 615, 628-29 (9th Cir. 2000) (admissible to counter claim of being "merely present" at scene with "innocent motives"); *see also United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1062 (9th Cir. 2004) (admissible to rebut defense that defendant was tricked into smuggling drugs); *United States v. Sager*, 227 F.3d 1138, 1148 (9th Cir. 2000) (admissible to rebut innocent motive for presence at scene).

The connecting links between Cervantes-Conde's prior bad acts and the charged offense, including involving the same people, methods, and vehicles, demonstrate that the prior bad acts were not too remote in time.  Further, the evidence was sufficient to support a finding that the defendant in fact committed the other acts per the "low threshold" showing for conditional facts in *Huddleston v. United States*, 485 U.S. 681,

2

689 (1988). There was also sufficient evidence for a reasonable jury to conclude that Cervantes-Conde's prior acts involved narcotics trafficking and were thus similar and relevant to the charged offense. *See Romero*, 282 F.3d at 688; *United States v. Golb*, 69 F.3d 1417, 1428 (9th Cir. 1995) ("[I]t was within the jury's province to resolve these competing opinions [regarding reliability of canine alerts] and determine what weight to accord the government's evidence."); *United States v. $42,500*, 283 F.3d 977, 982 (9th Cir. 2002) (wrapping currency in plastic wrap consistent with attempt to mask smell of narcotics); *United States v. $129,727*, 129 F.3d 486, 489-90 (9th Cir. 1997) (traveling with large amounts of currency on one-way ticket purchased with cash consistent with drug/drug money couriers).

Finally, the district court properly instructed the jury regarding the permissible uses of the prior bad acts evidence, and the danger of unfair prejudice did not substantially outweigh the probative value of such evidence. Fed. R. Evid. 403; *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1327 (9th Cir. 1992).

**AFFIRMED.**