**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30163 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00002-RRB-1 |
| v. | |
| ETIENNE DEVOE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted August 4, 2016
Anchorage, Alaska

Before: FISHER, PAEZ, and HURWITZ, Circuit Judges.

Etienne Devoe appeals his conviction for possession of powder cocaine with

intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He

contends that the district court committed three reversible errors. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.**     The district court did not abuse its discretion in admitting evidence from and testimony about the Gillam Way search under Federal Rule of Evidence 404(b). "Other acts evidence is admissible under Rule 404(b) if it (1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with evidence sufficient to show that the act was committed; and (4) if admitted to prove intent, is similar to the offense charged." *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002).  Devoe argues the first two of these criteria are not met.  We disagree. Evidence seized during the Gillam Way search tended to show that Devoe knew about the drugs found in his duffel bag during the prior search at Wood River Drive.  Although not highly probative, the Gillam Way evidence shed some light on Devoe's "intent, . . . knowledge, . . . [and] absence of mistake."  Fed. R. Evid. 404(b)(2); *see United States v. Lozano*, 623 F.3d 1055, 1059-60 (9th Cir. 2010). Nor was the Gillam Way evidence—found sixteen months after the Wood River Drive search—too remote in time.  *See United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996) ("This circuit has not adopted a bright line rule concerning remoteness in time and, where the prior acts were similar to those charged, previous decisions have upheld admission of evidence of acts up to twelve years old.") (citation omitted).

**2.**     As the government conceded, the district court erred in failing to instruct the jury how to evaluate Trooper Joshua Moore's dual role testimony. *See United States v. Torralba-Mendia*, 784 F.3d 652, 658 (9th Cir. 2015). That error did not, however, affect Devoe's "substantial rights." *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011). The "dangers inherent in permitting investigating police officers to . . . testify as both percipient and expert witnesses" do not apply here because Trooper Moore's lay testimony was limited to his percipient observations of the Gillam Way search and did not touch on disputed facts. *See United States v. Anchrum*, 590 F.3d 795, 803 (9th Cir. 2009). Because Trooper Moore's lay testimony is not disputed, it matters little whether he "attain[ed] unmerited credibility." *United States v. Freeman*, 498 F.3d 893, 903 (9th Cir. 2007). Therefore, this case is distinguishable from *United States v. Vera*, where the FBI agent interpreted wiretapped conversations that were actually "well within the understanding of an ordinary juror." 770 F.3d 1232, 1246 (9th Cir. 2014).

**3.**     Finally, neither Trooper Moore nor Officer William Moore gave "improper testimony" that "invaded the province of the jury" because neither offered "an opinion about whether the defendant did or did not have a mental state or condition

that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b).

Officer Moore testified that he did not conduct any fingerprinting or DNA testing of the Wood River Drive evidence "because at the time we knew who [it] belonged to." Even if the district court abused its discretion in admitting this evidence, the error was harmless because other officers gave almost identical testimony to which Devoe did not object.

Trooper Moore testified that he seized the Gillam Way evidence because "[i]t all appeared to me like it was associated with drug trafficking or distribution." We review this statement for plain error because Devoe did not object to its admission, and we find none. Trooper Moore never stated *to whom* he believed the evidence belonged. Moreover, his testimony related to the Gillam Way search, not the Wood River Drive search that uncovered the drugs for which Devoe was charged.

**AFFIRMED.**