FILED

NOT FOR PUBLICATION

FEB 24 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-10082 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00019-HDM-WGC-1 |
| v. | |
| ERIC ERCELLUS SUDDUTH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted February 14, 2017
San Francisco, California

Before:  GOULD and BERZON, Circuit Judges, and GARBIS,[**] District Judge.

Eric Sudduth pleaded guilty to one count of being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g)(1), reserving his ability to appeal the

district court's denial of his motion to suppress.  He now appeals that order,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Marvin J. Garbis, United States District Judge for the District of Maryland, sitting by designation.

arguing that the district court should have suppressed the firearm he was convicted of possessing and the inculpatory statements he made to law enforcement officers at the scene of his arrest. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Under the collective knowledge doctrine, the officers involved in Sudduth's stop, when viewed collectively, possessed sufficient cause under the Fourth Amendment to initiate a warrantless stop. We deal here with their aggregate knowledge. As Sudduth's counsel conceded during oral argument, Detective Gott instructed Officer Boeckman to stop Sudduth's van after Gott observed Sudduth commit a traffic violation. Because Gott "kn[ew] facts constituting reasonable suspicion . . . [and] communicate[d] an appropriate order" to Boeckman to stop the vehicle, the stop was justified. *United States v. Ramirez*, 473 F.3d 1026, 1037 (9th Cir. 2007). That Officer Boeckman was not aware of the factual basis underlying the stop does not impact this conclusion. *See United States v. Hensley*, 469 U.S. 221, 231 (1985).

2. The officers did not unreasonably prolong Sudduth's stop to allow the police canine to arrive and sniff the exterior of Sudduth's vehicle. Immediately after the stop was initiated, the officers became aware that Sudduth's license plate was suspended. Moreover, a few minutes into the stop, Detective Cragg lawfully

2

instructed Sudduth to exit his vehicle, *see United States v. Williams*, 419 F.3d 1029, 1030 (9th Cir. 2005), and as a consequence of Sudduth's exit, Cragg could see in plain view a machete and pistol in the vehicle. By the time that Sudduth confessed to being a felon in possession of a firearm—creating probable cause to arrest him—the stop had not been "completed" because the officers were still reacting to valid safety concerns that were prompted by the presence of the machete and the firearm, and by Sudduth's aggressive statements. *See Rodriguez v. United States*, 135 S. Ct. 1609, 1614 (2015). Contrary to Sudduth's contention, the officers had sufficient cause to protectively sweep the passenger compartment looking for the firearm that Detective Cragg saw in plain view. *Michigan v. Long*, 463 U.S. 1032, 1049–52 (1983). Thus, we need not decide if a full search of the vehicle for narcotics was justified in light of Detective Gott's observations at the Desert Sunset Motel, the passenger's statement that they had gone to the motel to purchase methamphetamine, and the canine unit's alert next to the driver's side door of Sudduth's vehicle. *See United States v. Lozano*, 623 F.3d 1055, 1061 (9th Cir. 2010). Detective Cragg's plain view of the pistol, from a position in which he had every right to be, produced sufficient cause to justify a protective sweep of the passenger compartment.

3.      Sudduth's statements are admissible under the Fifth Amendment. Before Sudduth made any statement, Detective Cragg read Sudduth his *Miranda* rights and Sudduth acknowledged them.  *Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010).  We also reject Sudduth's arguments under the Federal Rules of Evidence because those rules, outside of privilege limitations, do not apply during a suppression hearing.  *See* Fed. R. Evid. 104(a).

**AFFIRMED**

*United States v. Sudduth*, No. 16-10082

Berzon, Circuit Judge, concurring:

I concur in the memorandum disposition, as it properly applies binding precedent to the facts before us.

What the disposition does not mention is that Sudduth was never told why he was stopped. I have previously expressed my concern about permitting traffic stops to become *so* pretextual that the ordinary protocols of a true traffic stop are not followed – including, most importantly, accurately informing the driver of the reason for the stop. *United States v. Magallon-Lopez*, 817 F.3d 671, 676 (9th Cir. 2016) (Berzon, J., concurring). I reiterate here that concern, and the reasons for it, as well as the possibility that the Due Process Clause may require such notice in some circumstances. *Id.* at 677.