**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 6 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50047 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00402-AB-1 |
| v. | |
| MARIO VINCENT LOPEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted July 9, 2018[**]
Pasadena, California

Before:  BERZON and N.R. SMITH, Circuit Judges, and NYE,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David C. Nye, United States District Judge for the District of Idaho, sitting by designation.

Mario Vincent Lopez appeals his convictions for distribution of methamphetamine and illegal firearm possession. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court erred in excluding from trial the confidential informant's 2004 criminal conviction for unlawful sexual contact with a minor under Federal Rule of Evidence 609(b). The confidential informant was released from confinement for this conviction in 2007, less than ten years prior to the 2016 trial. Therefore, Rule 609(a), not 609(b) governed admission of this conviction. *See United States v. Portillo*, 699 F.2d 461, 463 (9th Cir. 1982).

Because Lopez did not argue before the district court that Rule 609(a) applied to the 2004 conviction, we review for plain error. *United States v. Yijun Zhou*, 838 F.3d 1007, 1010 (9th Cir. 2016). "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Myers*, 804 F.3d 1246, 1257 (9th Cir. 2015) (alterations and internal quotation marks omitted). "An error affects 'substantial rights' if the defendant is prejudiced in such a manner as to 'affect[ ] the outcome of the district court proceedings.'" *United States v. Mitchell*, 568 F.3d 1147, 1150 (9th Cir. 2009) (quoting *United States v. Olano*, 507 U.S. 725, 734–35 (1993)). Here, the error did not affect Lopez's substantial rights because Lopez thoroughly impeached the confidential informant on multiple occasions during trial. Thus, presenting one additional conviction to the jury would

2                                                                                                    17-50047

have done little to further discredit the confidential informant. In addition, the government presented overwhelming evidence showing that Lopez was guilty and that his entrapment defense was invalid. Therefore, even absent the error, the result of the trial would have been the same.

2. The district court did not abuse its discretion in excluding from trial, under Rule 609(b), the confidential informant's 1998 convictions for possession of a controlled substance, assault of a peace officer, false imprisonment, and burglary. The confidential informant was released from imprisonment for these convictions in 2004, more than ten years prior to trial. In such circumstances, a conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). Lopez has not met this burden. The 1998 convictions were not probative of the confidential informant's disinclination for truth telling and would only have reiterated the confidential informant's status as a career criminal, a fact already well established.

3. The district court did not abuse its discretion in allowing the government to impeach Lopez with his January 2012 conviction for possession of a controlled substance under Rule 404(b). Under this Rule, evidence of a prior crime "may be admissible for a[] purpose[] such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

17-50047

Fed. R. Evid. 404(b)(2). However, such evidence must pass the four-part test outlined in *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012). The district court did not abuse its discretion in finding the 2012 conviction passed this test.

First, the prior conviction tended to show Lopez's knowledge of the drug trafficking industry and thus "that his actions in this case were not an accident or mistake." *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005); *see also United States v. Lozano*, 623 F.3d 1055, 1059 (9th Cir. 2010). Second, the 2012 conviction occurred just a few years before the events giving rise to Lopez's indictment and subsequent trial. *Cf. Lozano*, 623 F.3d at 1059-60. Third, the parties did not dispute whether Lopez committed the crime. Fourth, the conviction for drug possession was similar to the offense charged—drug distribution.

Finally, the district court did not abuse its discretion in finding the prejudicial impact of the conviction did not substantially outweigh the probative value of the evidence. Fed. R. Evid. 403; *Bailey*, 696 F.3d at 799. Any prejudicial impact of the drug possession conviction was minimal as the government had already established, and Lopez had admitted, that he was a long-time drug addict.

4. The district court did not abuse its discretion in admitting evidence of an uncharged incident that occurred on June 2, 2016, in which Lopez stole "drug buy money" from the confidential informant instead of selling him methamphetamine. The district court properly admitted the evidence as character evidence under Rule

4

405(b) to combat Lopez's entrapment defense, and need not have excluded it as unfairly prejudicial under Rule 403. By presenting an entrapment defense, Lopez put his character at issue. *See United States v. Mendoza-Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). At that point, under Rule 405(b), the government was permitted to prove Lopez's predisposition for committing the crimes charged with "specific instances of [Lopez's] conduct" that were similar to the charged crimes, such as the June 2, 2016 incident. That incident readily showed Lopez dealing drugs outside of any pressure from the confidential informant and was thus highly probative.

Moreover, any minimal prejudicial effect did not outweigh the probative value of this evidence of Lopez's character. The admission of the specific fact that Lopez stole drug buy money from the confidential informant was not relevant to combating Lopez's entrapment defense. However, the district court's admission of this fact was harmless error. The theft was a minor point in the trial, and in the large body of evidence regarding Lopez's history of drug use, prior convictions, and other bad acts. Thus, the evidence of the theft did little to further damage Lopez's already tarnished reputation and, thus, did not change the outcome of the trial. In addition, Lopez himself brought up the theft during his direct examination.

5. The small evidentiary errors the district court committed did not prejudice Lopez considering the strong evidence of guilt, supported by audio and video

17-50047

recordings, the government presented at trial. Accordingly, cumulative error does not require reversal. *See United States v. Wilkes*, 662 F.3d 524, 542-43 (9th Cir. 2011).

AFFIRMED.