The Commonwealth appeals from a Superior Court judge's order allowing the defendant's motion to suppress.[2] The Commonwealth argues that the motion judge erred for two reasons. First, the postal inspector who identified and seized the package had a reasonable suspicion that justified seizing the defendant's package and the length of time for the seizure was reasonable. Second, the police officers had probable cause to search the package based on the certified drug-sniffing canine's positive alert that the package contained a controlled substance.
Background. We summarize the facts as found by the motion judge, supplemented by uncontroverted facts from the record, and reserve some facts for later discussion. Commonwealth v. Cruz, 459 Mass. 459, 461 (2011), citing Commonwealth v. Isaiah I., 448 Mass. 334, 337 (2007). The package in question originated in Caguas, Puerto Rico, and was addressed to Jose Pagan at 11 Lowell Street, West Springfield. On December 11, 2015, the United States Postal Inspection Service (USPIS) in San Juan, Puerto Rico (Puerto Rico USPIS), informed the USPIS in Springfield (Springfield USPIS), that they could not locate the sender of the package because the address listed was not associated with the name of the purported sender of the package. The package was sent to the Springfield USPIS for further review. The Springfield USPIS's postal inspector, Richard Tracy, attempted to identify Jose Pagan, the intended recipient of the package. Tracy determined that Pagan was not associated with the destination address listed on the package. The destination listed on the package was a place of business, Los Bori's Auto Repair.
Tracy seized the package based on: (1) the USPIS's inability to associate both the sender and the recipient of the package with the respective addresses provided, (2) Tracy's personal knowledge from previous investigations that false names are commonly used in the shipment of illegal substances to avoid identification, and (3) Tracy's personal knowledge from previous investigations that cocaine is commonly sent from Puerto Rico to the United States via the United States Postal Service (postal service). On December 12, 2015, USPIS met with police officer Joseph Brewer and his canine, Charon, at the Wilbraham police department.[3] The package was placed in a vacant officer where Officer Brewer and canine Charon could examine it. Upon approaching the package in the vacant room, canine Charon alerted Officer Brewer that she detected controlled substances in the package.[4] Based on canine Charon's positive alert, Tracy applied for a Federal search warrant to search the package. The Federal search warrant was granted on December 15, 2015. The package was thereafter searched and approximately 500 grams of cocaine was recovered. Narcotics Detective Daniel Znoj of the West Springfield police department subsequently applied for a State search warrant to search the intended destination of the package, 11 Lowell Street, West Springfield. This warrant was granted on December 16, 2015.
On December 16, 2015, Tracy posed as a mail carrier and delivered the package to the destination address.[5] Police officers surveilled the area and observed the defendant drive his vehicle out of the parking lot at the destination address and drive into the adjacent parking lot. Tracy drove the mail delivery trick into the parking lot of the destination address. The defendant walked over to Tracy as he exited the mail delivery truck with the package. The defendant asked Tracy if the package was for "Jose," to which Tracy responded in the affirmative. Tracy then asked the defendant to confirm the last name of the recipient, to which the defendant responded "Jose Pagan. I almost missed you." Tracy gave the package to the defendant after the defendant signed for it. The surveilling police officers stopped the defendant in his vehicle as he drove out of the parking lot.
The defendant was charged with trafficking cocaine greater than two hundred grams, in violation of G. L. c. 94C, § 32E (b ) (4), as being a habitual offender, in violation of G. L. c. 279, § 25 (a ), and operating a motor vehicle with a suspended or revoked license, in violation of G. L. c. 90, § 23. The defendant filed a motion to suppress the "evidence from the seizure, canine sniff, opening, and search of a parcel of mail at the United State Post Office in Springfield on the basis that [the] search warrant was insufficient." The defendant's motion also sought to suppress "all evidence and statements, if any, obtained from the resulting search of a residence located at 11 Lowell Street, West Springfield." After a nonevidentiary hearing on February 23, 2017, the motion judge allowed the defendant's motion. The Commonwealth filed the instant appeal.
Discussion. When reviewing a motion to suppress, "we adopt the motion judge's factual findings absent clear error." Commonwealth v. Isaiah I., 450 Mass. 818, 821 (2008). Although we give the facts found by the motion judge deference, we "independently determine whether the judge correctly applied constitutional principles to the facts as found." Id.
We begin with the Commonwealth's argument that the motion judge erred in allowing the defendant's motion to suppress because Tracy had reasonable suspicion to seize the package and expose it to a drug-sniffing canine. "Where there is nothing in the record to suggest that at the time of the application for a search warrant by the postal inspector there was any involvement by a State official, the determination of the validity of the Federal warrant must be reviewed under Federal law." Commonwealth v. Pinto, 45 Mass. App. Ct. 790, 792 (1998).
"First-class mail, such as letters and sealed packages, is protected by the Fourth Amendment from unreasonable search and seizure. United States v. Van Leeuwen, 397 U.S. 249, 251 (1970). 'Postal authorities may seize and detain packages if they have a reasonable and articulable suspicion of criminal activity.' [United States v.] Aldaz, 921 F.2d [227, 229 (9th Cir. 1990) ] (citations omitted). A reasonable suspicion 'is formed by specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person [or object] detained is [involved] in criminal activity.' United States v. Lopez-Soto, 205 F.3d 1101, 1105 (9th Cir. 2000) (citations and internal quotations omitted)."
United States v. Gill, 280 F.3d 923, 928 (9th Cir. 2002).
Here, reasonable suspicion supported the package's delayed delivery and its exposure to a drug-sniffing canine. Tracy has fourteen years of experience with investigating "criminal activities involving the use of the mail, including the investigation of items not allowed to be mailed such as controlled substances, which are given over to U.S. Postal Service for delivery." Tracy had a legitimate suspicion about the package for several reasons. The package was "approximately 12 inches by 12 inches, [ ] approximately 6 inches in thickness, and weigh[ed] approximately 5 lbs, 15 oz." The postage fee paid was a total of sixty-one dollars and sixty cents. See United States v. Daniel, 982 F.2d 146, 150 (5th Cir. 1993) ("sender paid a hefty fee ($55) to ship the relatively small package"). The Springfield USPIS was alerted by the Puerto Rico USPIS after they were unable to locate the purported sender of the package. The Puerto Rico USPIS found that the listed sender of the package was not associated with the address listed. See Gill, 280 F.3d at 928 (sender resided at different address than return address); Daniel, supra at 150 & n.5 (court considers "whether the return addressee and the return address listed on the package match"). After further investigation, Tracy himself discovered the destination address was an auto repair shop with which the recipient of the package was not associated. See ids="36423" index="11" url="https://cite.case.law/f2d/982/146/#p150">id. In addition, Tracy had personal knowledge from previous investigations that the package's origin is an area that is known for shipping cocaine to the United States via the postal service. See United States v. Lozano, 623 F.3d 1055, 1060-1061 (9th Cir. 2010) (listing package's California origin as cause for reasonable suspicion); United States v. Hernandez, 313 F.3d 1206, 1211 (9th Cir. 2002) (considering package's being mailed from California, "a known drug source state," proper basis for suspicion). We conclude that these facts, taken together, provide sufficient reasonable suspicion to seize the package and expose it to a drug-sniffing canine.
We also conclude that there was no unreasonable delay in the delivery of the package. "The relevant time period is that between the initial detention and that at which probable cause is developed because '[p]robable cause is sufficient to support the subsequent detention of the package.' " Lozano, supra at 1061, quoting from United States v. Hoang, 486 F.3d 1156, 1160 n.1 (9th Cir. 2007). "To determine the reasonableness of the delay, we review the diligence of the investigators, the length of the detention, and the information conveyed to the suspect." United States v. Allen, 990 F.2d 667, 671 (1st Cir. 1993). Tracy acted diligently in investigating the recipient of the package and exposing it to the drug-sniffing canine. The package was detained for a maximum of four days before the Federal search warrant was issued.[6] While we understand other cases have proceeded on a faster timeline, we would be hard pressed to find that five days constitutes an unreasonable delay.[7] Moreover, the suspect never inquired about the location of the package. As such, the sender was never given misinformation about the package's whereabouts. See Lozano, 623 F.3d at 1061 (notice not required for delays of mail delivery).
Based on the uncontroverted evidence from the hearing and the affidavits filed in support of the Federal and State search warrants, there is no need to remand for further findings on whether there was probable cause for the Federal and State search warrants.[8] Because Charon provided a positive alert that the package contained a controlled substance within a short time following its seizure,[9] and based on the other information set forth in Tracy's affidavit, there was sufficient probable cause to issue the Federal search warrant. See Allen, 990 F.2d at 671. We also conclude that because the police recovered cocaine from the package upon executing the Federal search warrant, there was probable cause to issue the State search warrant for the package's destination, i.e. 11 Lowell Street, West Springfield.
Order allowing defendant's motion to suppress reversed.

This appeal is interlocutory.

Charon has been certified in the detection of marijuana, cocaine, heroin, methamphetamines, and their derivatives since 2010. Charon performs eight hours of service training per month and has had successful street identifications of controlled substances. Officer Brewer and Charon have worked with USPIS in other successful identifications of controlled substances.

This alert included Charon pawing and biting the package.

The Commonwealth's opposition to the defendant's motion to suppress indicates that the package was delivered on December 16, 2016. This date is error as the defendant was indicted in February, 2016. We presume the date of delivery was December 16, 2015.

The Puerto Rico USPIS flagged the package for the Springfield USPIS on December 11, 2015. On the next day, Saturday, December 12, 2015, the USPIS attempted to identify the recipient of the package. On the same day, Tracy brought the package to the Wilbraham police department where Officer Brewer and canine Charon examined the package in a vacant room. Three days later, on Tuesday, December 15, 2015, Tracy submitted an application and attached a detailed affidavit for a Federal search warrant. We find it worthy to note that the defendant conceded at the motion hearing that the "length of detention is a very minor issue."

See Van Leeuwen, 397 U.S. at 252-253 (twenty-nine hour delay reasonable; Hernandez, 313 F.3d at 1212 (one-day delay reasonable); Gill, 280 F.3d at 929 (six-day delay reasonable); United States v. Lux, 905 F.2d 1379, 1382 (10th Cir. 1990) (weekend detention reasonable).

On appeal, the defendant does not challenge the truthfulness of any statements contained in the affidavits filed in support of the Federal and State search warrants. At the motion hearing, the defendant's counsel stated that paragraph seven in Tracy's affidavit "clearly is not accurate," but the defendant does not provide any basis for such dispute.

See United States v. La France, 879 F.2d 1, 4 (1st Cir. 1989) (police entitled to delay delivery if delay is based on reasonable suspicion and is reasonably executed). See, e.g., Lozano, 623 F.3d at 1059 (drug-sniffing dog alerted officer to package and officers subsequently obtained search warrant for package).