NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10123 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-01732-JGZ-DTF-2 |
| v. | |
| SHAD RICHARD THOMPSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted November 20, 2020**
Phoenix, Arizona

Before: BYBEE, MURGUIA, and BADE, Circuit Judges.

This case concerns a 2017 bank robbery in which Shad Thompson ("Defendant") and his wife, Anna Thompson, robbed a bank in Tucson, Arizona. Defendant appeals from the district court's judgment and sentence following a trial in which a jury convicted him of conspiracy to commit bank robbery, 18

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. §§ 2113(a), 371, and bank robbery, 18 U.S.C. § 2113(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Before trial, the government gave notice of its intent to admit evidence of Defendant's other acts under Federal Rule of Evidence 404(b), including Defendant's: (1) April 8, 1999 bank robbery conviction; (2) April 13, 1999 bank robbery conviction; (3) June 18, 2012 bank robbery conviction; (4) June 20, 2012 bank robbery conviction; and (5) July 3, 2012 bank robbery conviction. The district court limited the Rule 404(b) evidence to the three 2012 bank robberies, finding that they were "remarkably identical factually" to the 2017 bank robbery. Ultimately, the government only introduced evidence relating to the June 18, 2012 and June 20, 2012 bank robberies.

Defendant argues that the district court erred in admitting this evidence under Rule 404(b). We review a district court's admission of evidence under Rule 404(b) for abuse of discretion. *United States v. Lozano*, 623 F.3d 1055, 1059 (9th Cir. 2010) (per curiam). "A district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts." *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997) (en banc). While "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" in question, Fed. R. Evid. 404(b)(1), such evidence "may be admissible

2

for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," Fed. R. Evid. 404(b)(2).

In this case the district court properly admitted Defendant's prior bank robberies to show "motive, opportunity, lack of mistake, [and] identification." The district court did not abuse its discretion because the 2012 bank robberies were remarkably similar to the charged offenses, were not too remote in time, were material to the charged offenses, and were supported by sufficient proof for the jury to find that Defendant committed them. *See United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (listing requirements); *see also United States v. Quinn*, 18 F.3d 1461, 1466 (9th Cir. 1994) (allowing evidence of a previous bank robbery in light of "significant similarities" between the two bank robberies).

What is more, the district court provided limiting instructions to the jury on the appropriate use of this evidence, which minimized any potential unfair prejudice. *See United States v. Montgomery*, 150 F.3d 983, 1001 (9th Cir. 1998) (holding that a district court's limiting instruction weighed in favor of affirming the court's admission of prior conviction evidence under Rule 404(b)).

2. Defendant's wife and co-defendant, Anna Thompson, testified at trial against Defendant. Defendant contends that the district court erred in ruling that the joint criminal activity exception to the marital privilege applied to Anna Thompson's

3

testimony. We review de novo legal conclusions regarding the marital communications privilege. *United States v. Banks*, 556 F.3d 967, 972 (9th Cir. 2009). While "[c]ommunications between . . . spouses, privately made, are generally assumed to have been intended to be confidential, and hence they are privileged," *Wolfle v. United States*, 291 U.S. 7, 14 (1934), the "privilege does not shield marital confidences when those confidences concern joint criminal activity," *United States v. Vo*, 413 F.3d 1010, 1017 (9th Cir. 2005).

Because Anna Thompson's testimony concerned the events leading up to the 2017 bank robbery, including Defendant's planning of and participation in the bank robbery, the district court did not err in finding that the joint criminal activity exception to the privilege applied. *See Vo*, 413 F.3d at 1017.

3. Anna Thompson testified, among other things, that Defendant pushed his mother during an argument, that he choked Thompson when they were on the run, and that the two regularly used drugs leading up to the bank robbery. Defendant argues that the district court erred in allowing this testimony. At trial, Defendant objected under Rule 403 only to Anna Thompson's testimony involving Defendant's mother. We thus review the decision to admit this testimony for abuse of discretion. *United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1091 (9th Cir. 2007). Defendant did not object to testimony about domestic violence involving Anna Thompson or Defendant's drug use, so we review the district court's

4

admission of this additional testimony for plain error. *See United States v. Begay*, 673 F.3d 1038, 1046 (9th Cir. 2011) (en banc).

The district court did not abuse its discretion in allowing testimony on the argument involving Defendant's mother, nor did it plainly err in admitting testimony on the incident involving Anna Thompson or the drug use. The court found such evidence relevant to the motivation for committing the bank robbery and properly balanced each piece of evidence under Rule 403, finding that the evidence was not unfairly prejudicial. The court similarly instructed the jury numerous times that the evidence was presented only for the limited purpose of determining whether the Defendant had the motive to commit the bank robbery.

Because the district court balanced the probative value of this evidence against the potential for unfair prejudice to the defendant, and gave "careful limiting instructions to the jury to minimize the prejudicial impact to the defendant . . . we cannot say that the court abused its discretion in admitting" such evidence. *United States v. Mehrmanesh*, 689 F.2d 822, 831 (9th Cir. 1982); *see United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (holding that where testimony is probative, any resultant prejudice is minimized by a limiting instruction).

4. Finally, Defendant contends that Melissa Green's testimony on the circumstances of her prior forgery conviction was prejudicial to Defendant. This

argument is not persuasive.  Even if the district court erred, Green's brief testimony on this issue was "not an integral part of the government's case," and thus did not reach the level of plain error.  *See United States v. Gomez-Gallardo*, 915 F.2d 553, 557 (9th Cir. 1990); *see also United States v. Olano*, 507 U.S. 725, 734 (1993) (for a statement to be prejudicial, it must "affect[] the outcome of the district court proceedings").

**AFFIRMED.**