NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 25 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-2794 |
| Plaintiff - Appellee, | D.C. No. 1:22-cr-00062-JLT-SKO-4 |
| v. | |
| ALMA GARZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Argued and Submitted March 6, 2026
San Francisco, California

Before: M. SMITH and R. NELSON, Circuit Judges, and LEFKOW, District Judge.[**]
Dissent by Judge Lefkow.

Defendant-Appellant Alma Garza appeals her jury conviction and sentence

for drug conspiracy and possession charges.  Because the parties are familiar with

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did nor err in denying Garza's motion to suppress. We review the denial of a motion to suppress de novo, the district court's underlying factual findings for clear error, and the decision not to hold an evidentiary hearing for abuse of discretion. *United States v. Quoc Viet Hoang*, 486 F.3d 1156, 1159, 1163 (9th Cir. 2007). "[T]he main Fourth Amendment interest in a mailed package attaches to the privacy of its contents, not the speed with which it is delivered." *United States v. Gill*, 280 F.3d 923, 929 (9th Cir. 2002) (quoting *United States v. Hillison,* 733 F.2d 692, 696 (9th Cir. 1984)). Once probable cause is established, a longer warrantless detention is permitted to apply for and receive a search warrant. *See United States v. Lozano*, 623 F.3d 1055, 1061 (9th Cir. 2010) ("Probable cause is sufficient to support the subsequent detention of the package." (cleaned up)).

Garza has not put forth any evidence that the investigators here were "leisurely" in seeking the warrant. *See Gill*, 280 F.3d at 929. The less-than-three-day warrantless detention period here is shorter than the six-day period deemed permissible in *Gill*, where the evidence showed that investigators acted diligently. *See id.* at 929; *see also United States v. Van Leeuwen*, 397 U.S. 249, 252–53 (1970) (29-hour warrantless detention of the packages during the investigation

was justifiable based on clerk's and officer's reasonable suspicions).  Nor was an evidentiary hearing necessary where Garza failed to "allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *Quoc Viet Hoang*, 486 F.3d at 1163 (cleaned up).

2.  The district court did not err in giving the deliberate ignorance jury instruction.  We review the decision to give a deliberate ignorance instruction for abuse of discretion, but the instruction's substance de novo.  *United States v. Yi*, 704 F.3d 800, 804 (9th Cir. 2013).  "An instruction is appropriate if it is supported by law and has foundation in the evidence."  *Id.* (cleaned up).

Here, the deliberate ignorance instruction was appropriately given because Garza argued she lacked actual knowledge of the package's contents and trial evidence supported a deliberate avoidance mens rea argument.  *See id.* at 804; *United States v. Ramos-Atondo*, 732 F.3d 1113, 1119 (9th Cir. 2013).  Nor was the substance of the instruction deficient.  We have previously upheld the use of the model instruction at issue here.  *See, e.g., Yi*, 704 F.3d at 805.  The only drugs at issue in Garza's trial were federally controlled substances, so the district court did not err in using the word "drugs" to stand in for federally controlled substances.

3. The district court did not err in denying Garza's motions for acquittal and for a new trial.  We review a motion for acquittal based on insufficiency of the evidence de novo and the district court's denial of a motion for a new trial for abuse

of discretion. *See United States v. Chhun*, 744 F.3d 1110, 1117 (9th Cir. 2014). Given Garza's admissions regarding her suspicions about the package and her more general knowledge of JR's criminal activities, it was not irrational for the jury to convict. *See id.* at 1117–18.

4. The district court did not err in overruling Garza's sentencing objections. We review "the district court's identification of the correct legal standard [regarding a sentencing issue] de novo and the district court's factual findings for clear error," while "a district court's application of the Sentencing Guidelines to the facts of a given case [is] reviewed for abuse of discretion." *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). We also review the substantive reasonableness of a sentence for abuse of discretion. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

As to Garza's argument that the district could erred in not granting a minor-role reduction, she failed to show she was "substantially less culpable than the average participant in the charged criminal activity" as compared to her "co-participants." *United States v. Diaz*, 884 F.3d 911, 914 (9th Cir. 2018) (cleaned up). Nor was the district court required to "tick off sentencing factors to show that it considered them." *Id.* at 914–15.

The district court similarly did not err in denying Garza's requested downward departure for acceptance of responsibility, as the reduction "is not intended to apply

to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, cmt. n.2. This is not the rare circumstance where the defendant put on a defense so minimal that she might still qualify for the reduction.

Nor did the district court err by not independently addressing Garza's methamphetamine purity objection. *See Carty*, 520 F.3d at 992 (9th Cir. 2008); *cf. Rita v. United States*, 551 U.S. 338, 356 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."). It suffices that the district court read and considered the presentence report, Garza's objections to that report, and the sentencing memoranda.

Finally, the district court did not err in denying Garza's request for a downward departure based on her age and rehabilitation. The below-Guidelines sentence reflected the district court's review of the relevant papers and understanding of the relevant facts, including the "very large amount of drugs at issue." Indeed, the sentence was below guidelines in part because the district court "var[ied] downward for [Garza's] age."

**AFFIRMED.**

*United States of America v. Garza*, No. 25-2794
LEFKOW, District Judge, dissenting:

I respectfully disagree with the majority's conclusion that the district court correctly denied Garza's motion to suppress. The majority does not engage with how the facts of *Garza* differ from most of the Fourth Amendment mailed-packages cases, in which packages are detained for further investigation based on reasonable suspicion. *See, e.g.*, *United States v. Gill*, 280 F.3d 923 (9th Cir. 2002); *United States v. Aldaz*, 921 F.2d 227 (9th Cir.1990). Garza's package was detained, the government admits, with sufficient evidence to seek a judicial finding of probable cause, meaning there was no investigatory need to continue detaining the package. It was held for almost three days for the government's convenience. The majority at once acknowledges that probable cause is different from reasonable suspicion by citing *United States v. Lozano*, 623 F.3d 1055 (9th Cir. 2010), for the proposition that a package may continue to be held even after establishing probable cause, but it proceeds to analyze the delay using *Gill*, a reasonable suspicion case.

The majority holds that, "[o]nce probable cause is established, a longer warrantless detention is permitted to apply for and receive a search warrant." Majority at 2 (citing *Lozano*, 623 F.3d at 1061 ("[P]robable cause is sufficient to support the subsequent detention of the package." (cleaned up))). Neither the majority nor *Lozano* provides any reasoning to support their unequivocal statements and neither expresses any limiting principles. In *Lozano*, it is not even

1

clear to what extent, if at all, the agents detained the package after they had evidence of probable cause before applying for the warrant. *Lozano*, 623 F.3d at 1059. Instead, *Lozano* relies on the same statement made in a footnote in *United States v. Quoc Viet Hoang*, 486 F.3d 1156, 1160 n.1 (9th Cir. 2007) (where there was a 2.5 hour delay between obtaining probable cause and issuing a warrant), which in turn offers no reasoning but a citation to *United States v. Hernandez*, 313 F.3d 1206, 1213, 1208 (9th Cir. 2002) (where there was a 20-hour delay between obtaining probable cause and issuing a warrant). The cited portion of *Hernandez* mentions probable cause only obliquely to note that in another case, *United States v. Aldaz*, 921 F.2d 227 (9th Cir.1990), we held a five-hour delay between probable cause and executing a warrant was not unreasonable because it was due to the administrative hurdles of securing a warrant. *Hernandez*, 313 F.3d at 1213 (citing *Aldaz*, 921 F.2d at 1231). Simply put, neither the majority nor any of the cases it relies on has articulated a principled reason for why a "longer warrantless detention" of almost three days after probable cause has been established "is permitted." Majority at 2; *compare United States v. Dass*, 849 F.2d 414, 415 (9th Cir. 1988) (citing *United States v. Van Leeuwen,* 397 U.S. 249, 253 (1970)) ("[W]e are reluctant to extend the *Van Leeuwen* outer boundary of 29 hours [from reasonable suspicion to warrant execution] to a period not measured in hours, but rather in days[.]").

2

The majority goes on to reason that because the six-day delay between package detention and search warrant execution in *Gill* was reasonable, *Garza* should be treated the same. But comparing the six days in *Gill* to the almost-three days in *Garza* is comparing apples to oranges. Finding the comparable time period in *Gill* requires assessing when probable cause was established in that case. In *Gill*, the package was detained under reasonable suspicion on Thursday to *investigate* it, which the officer diligently did over the next several days. *Gill*, 280 F.3d at 925–26. By Monday, the investigating officer still had not developed probable cause. *See Gill*, 280 F.3d at 926. The officer then continued his investigation, gathered more information, and completed his search warrant application on Tuesday. *Gill*, 280 F.3d at 926–27. The warrant was signed on Wednesday, as the magistrate judge was unavailable on Tuesday. *Gill*, 280 F.3d at 927. Therefore, the comparable time period in *Gill*—the delay between obtaining probable cause and executing a warrant—was about 24 hours. This makes *Gill* similar to *Aldaz* or *Hernandez*, where the probable cause-to-warrant delay was a matter of hours, rather than a period of days as it was here and in *United States v. Dass*, 849 F.2d 414 (9th Cir. 1988).

*Garza* should be compared to *Dass*, the Ninth Circuit case that grapples with the effect on a sender's Fourth Amendment rights when investigators purposefully delay a package after obtaining sufficient evidence for probable cause. In *Dass*, we

3

recognized that "short delays in obtaining a search warrant for mailed packages" may be reasonable, citing *United States v. Van Leeuwen,* 397 U.S. 249 (1970), but we held that the circumstances did not justify delays of seven and more days where dog sniffs provided the immediate basis for probable cause. *Dass*, 849 F.2d at 415–16. *Van Leeuwen* and *Dass* require us to assess the reasonableness of the delay under the facts presented.

The difference between probable cause and reasonable suspicion matters because it informs the reasonableness of a package's delay. *See Aldaz*, 921 F.2d at 230. If a package is delayed for diligent investigation, courts often find such a delay reasonable and therefore not a Fourth Amendment violation. *See, e.g.*, *Gill*, 280 F.3d at 929. If a package is delayed not because of an investigatory need or an unavoidable administrative delay, but for the investigators' convenience, as it was here, the delay should be held unreasonable and thus a Fourth Amendment violation.[1]

In *Dass*, we relied on two fundamental principles grounding the Fourth Amendment: deterring unreasonable police behavior and requiring judicial determination of probable cause. *Dass*, 849 F.2d at 416. We rejected the government's argument that the delay was acceptable because it did not benefit

---

[1] Moreover, unlike our guiding cases, we are in an age of electronic communication. This counsels for allowing less than the 29 hours accepted in *Van Leeuwen,* rather than more.

from the delay, stating, "The government's theory would allow an unlimited period of seizure without judicial intervention; to accept its argument would nullify the seizure portion of the search and seizure clause of the fourth amendment." *Id*. at 416 (citing *Steagald v. United States*, 451 U.S. 204, 215, 212 (1981)). We should be guided by the principles articulated in *Dass*. Instead, we stretch the unsupported language of *Lozano* towards their erosion. The holding today is contrary to *Dass*; it allows investigators to pursue a warrant at their leisure after they have established probable cause; and it opens the door to the very misconduct the Fourth Amendment exists to prevent.

I respectfully dissent.